# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD S. LEPRE,** | : | **CIVIL ACTION NO. 1:02-CV-2284** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **T&G MASONRY, INC. and ATTORNEY GENERAL of the STATE of PENNSYLVANIA** | : | |
| Respondents | : | |

## ORDER

AND NOW, this 17th day of October, 2005, upon consideration of the petition for writ of habeas corpus (Doc. 1), filed pursuant to 28 U.S.C. § 2254 and alleging due process and equal protection violations, and of the application to proceed in forma pauperis (Doc. 2),[1] and it appearing that the petition does not challenge state custody, but alleges a constitutional violation under 42 U.S.C. § 1983,[2] that the petition does not aver any facts or allegations against defendant Attorney General of the State of Pennsylvania, and that the petition does not aver any facts

---

[1] The court will grant the application to proceed *in forma pauperis* (Doc. 2) and exercise the screening mechanism of 28 U.S.C. § 1915(e)(2) (providing that, after granting a motion to proceed without prepayment of costs, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted").

[2] A petition for writ of habeas corpus under 28 U.S.C. § 2254 may be granted only when the petitioner is being held in state custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Lambert v. Blackwell, 387 F.3d 210, 218 (3d Cir. 2004). The petition *sub judice*, however, does not challenge custody; it challenges a state civil proceeding. (See Doc. 1.)

indicating that defendant T&G Masonry, Inc. was acting under the color of state or federal law, see 42 U.S.C. § 1983 (providing that a person will be liable for constitutional violations if the person was acting "under color of any statute, ordinance, regulation, custom, or usage, of any State"); see also Brown v. Philip Morris Inc., 250 F.3d 789, 800 ("A Bivens action, which is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law."), it is hereby ORDERED that:

1. The application to proceed *in forma pauperis* (Doc. 2) is GRANTED.

2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(ii).

3. Petitioner shall be permitted to file an amended pleading on or before November 4, 2005. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

4. If an amended pleading is not filed on or before November 4, 2005, the Clerk of Court is directed to CLOSE the above-captioned case.

5. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

    S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge