# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD S. LEPRE,** | : | **CIVIL ACTION NO. 1:02-CV-2284** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **T&G MASONRY, INC. and ATTORNEY GENERAL of the STATE of PENNSYLVANIA** | : | |
| **Respondents** | : | |

## ORDER

AND NOW, this 31st day of October, 2005, upon consideration of the amended complaint (Doc. 8) alleging due process and equal protection violations by defendant T&G Masonry, Inc. ("T&G") under 42 U.S.C. § 1983 when it failed to notify plaintiff of a default judgment entered against him,[1] and it appearing that T&G is a private entity not acting under color of state law, see 42 U.S.C. § 1983 (providing that a person will be liable for constitutional violations only if the person was acting "under color of any statute, ordinance, regulation, custom, or usage, of any State"), and that T&G's use of a state statute to obtain a default judgement against plaintiff is not conduct attributable to the state (i.e., the "state action" requirement is not satisfied), see Johnson v. Orr, 780 F.2d 386, 390 (3d Cir.

---

[1] In a prior order of court (Doc. 7), the court granted plaintiff's application to proceed *in forma pauperis*. Thus, the court will exercise the screening mechanism of 28 U.S.C. § 1915(e)(2) (providing that, after granting a motion to proceed without prepayment of costs, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted").

1986) ("[T]he question is 'whether there is a sufficiently close nexus between the State and the challenged action' or whether the state 'has so far insinuated itself into a position of interdependence' that there is a 'symbiotic relationship' between the actor and the state such that the challenged action can 'fairly be attributed to the state.'"); see also Lugar v. Edmonson Oil Co., Inc., 457 U.S. 922, 941 (1982) (providing that even "private misuse of a state statute does not describe conduct that can be attributed to the State"), it is hereby ORDERED that:

1. The amended complaint (Doc. 8) is DISMISSED for failure to state a claim.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk of Court is directed to CLOSE the above-captioned case.[2]  See Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000) (stating that leave to amend should be denied if futile).

3. Any appeal from this order is DEEMED frivolous and not in good faith.  See 28 U.S.C. § 1915(a)(3).

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] It appears that this case may have been instituted because plaintiff was unsuccessful in state court proceedings, including appeals, to open or strike a default judgment entered against him.  (See Doc. 8 ¶¶ 9-17.)  To the extent that plaintiff wants this court to open or strike the state court default judgment and "seek[s] relief that, if granted, would prevent a state court from enforcing its orders," this court lacks jurisdiction.  See Knapper v. Bankers Trust Co., 407 F.3d 573, 580-81 (3d Cir. 2005) (discussing the inability of a federal district court to entertain an appeal of a state court decision under the Rooker-Feldman doctrine).